UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT
_____

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:15cr1 (JAM) |
| VS. | |
| IAN BICK | JUNE 11, 2015 |

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION IN LIMINE RE: PRIOR MISCONDUCT**

The Defendant, IAN BICK, pursuant to the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, as well as Rules 402 and 404(b) of the Federal Rules of Evidence, respectfully moves this Honorable Court to preclude the Government from eliciting as evidence any testimony or other documentation, on direct or cross-examination, about (a) any crimes with which the Defendant has been charged elsewhere; (b) crimes for which the Defendant has been convicted; as well as (c) evidence of any "bad acts": or uncharged crimes attributed to the Defendant. This motion is made on one or more of the following grounds:

     1. The probative value of such evidence is outweighed by its potential for unfair prejudice. Fed. R. Evid. 403, 404(b); *Devore v. United States*, 368 F.2d 396 (4th Cir. 1996); *United States v. Denton*, 381 F.2d 114, 117 (2d Cir. 1967); *United States v. Williams*, 577 F.2d 188 (2d Cir. 1978);

     2.    Such evidence is irrelevant, i.e., it does not tend to make a consequential fact more or less probable. *United States v. O'Connor*, 510 F.2d 38, 40 (2d Cir. 1978); *United States v. Papadakis*, 510 F.2d 287, 294 (2d Cir.) cert. denied, 421 U.S. 950 (1975);

3. The U.S. Attorney does not have need for such evidence in order to prove the instant crime. *United States v. Baldaramma*, 566 F.2d 560, 568 (5th Cir. 1978); *United States v. Kirk*, 528 F.2d 1057, 1060 (5th Cir. 1976);

4. The issue for which the U.S. Attorney may offer evidence of such other crimes or misconduct is not disputed, and therefore such evidence must be excluded. *United States v. Goodwin*, 492 F.2d 1141, 1152 (5th Cir. 1974); *United States v. Ring*, 513 F.2d 478, 483 (2d Cir. 1970);

5. The U.S. Attorney has insufficient proof that this Defendant committed or was connected with such other crime or bad act which may be the basis of the proffered evidence, and therefore such evidence must be excluded. *Dillon v. United States*, 391 F.2d 433 (10th Cir.) *cert. denied*, 393 U.S. 889 (1968); *United States v. Clemmons*, 503 F.2d 486 (8th Cir. 1974); *Gast v. United States,* 294 F.2d 66 (8th Cir. 1976).

Wherefore, the Defendant respectfully moves the Court to hold a hearing on this Motion and exclude such proffered evidence of other crimes or misconduct in the trial of the case.

THE DEFENDANT

*/s/ Jonathan J. Einhorn*

JONATHAN J. EINHORN, ESQ.
129 WHITNEY AVENUE
NEW HAVEN, CONNECTICUT 06510
FEDERAL BAR NO. ct00163
einhornlawoffice@gmail.com
203-777-3777

## CERTIFICATION

I hereby certify that on this 11TH day of June, 2015 a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicted on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN